1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JON CHRIST,

11              Plaintiff,                    No. CIV S-11-0525 GEB EFB P

12        vs.

13   B.A. WEIGLEN,

14              Defendant.                    ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel.  He commenced this action on

17   December 3, 2010, in the Santa Clara County Superior Court.  On January 28, 2011, defendant

18   Weiglen removed this action to federal court.  Federal courts must engage in a preliminary

19   screening of cases in which prisoners seek redress from a governmental entity or officer or

20   employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

21   claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous,

22   malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief

23   from a defendant who is immune from such relief." *Id.* § 1915A(b).

24        A district court must construe a pro se pleading "liberally" to determine if it states a

25   claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

26   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  To state a

1

1   claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right

2   secured by the Constitution or laws of the United States was violated, and (2) that the alleged

3   violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487

4   U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim unless the facts

5   establish the defendant's personal involvement in the constitutional deprivation or a causal

6   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

7   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

8   (9th Cir. 1978).  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.

9   *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

10          Plaintiff alleges that defendant Weiglen denied plaintiff access to two medically

11  approved pillows in retaliation for plaintiff having filed inmate grievances.  The court finds that

12  plaintiff has failed to allege sufficient factual matter to state a plausible claim for relief.

13          To state a section 1983 claim for violation of the Eighth Amendment based on inadequate

14  medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

15  indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious

16  medical need is one that significantly affects an individual's daily activities, an injury or

17  condition a reasonable doctor or patient would find worthy of comment or treatment, or the

18  existence of chronic and substantial pain.  *See, e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60

19  (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th

20  Cir.1997) (*en banc*).  Plaintiff does not allege he suffered from a serious medical need or

21  otherwise indicate how he was injured by defendant Wieglen's alleged actions.

22          While inmates have a federal right to petition for redress of grievances and to file suit

23  without being subjected to retaliation, plaintiff's conclusory allegations do not support such a

24  claim.  *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  To prove retaliation, plaintiff

25  must show that a state actor took some adverse action against him because of his protected

26  conduct, and that such action chilled the inmate's exercise of his First Amendment rights and did

2

not reasonably advance a legitimate penological purpose.  *See Rhodes*, 408 F.3d at  567-68 (9th

Cir. 2005); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  Plaintiff does

not allege how defendant Wieglen's actions constituted "adverse action" for purposes of a First

Amendment retaliation claim.  Nor does plaintiff allege sufficient factual matter to show that

there was a causal link between Weiglen's alleged actions and plaintiff's filing of inmate

appeals, i.e., that plaintiff's inmate appeals were directed to Weiglen or that Weiglen otherwise

had knowledge of plaintiff's inmate appeals.  Thus, to proceed plaintiff must file an amended

complaint.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in

the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

*Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

he does an act, participates in another's act or omits to perform an act he is legally required to do

that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties.

Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.

"The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may

join, [] as independent or as alternate claims, as many claims . . . as the party has against an

opposing party.'  Thus multiple claims against a single party are fine, but Claim A against

Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

4

1       Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed with leave to

2  amend within 30 days.  The amended complaint must bear the docket number assigned to this

3  case and be titled "First Amended Complaint."  Failure to comply with this order will result in a

4  recommendation that this action be dismissed for failure to state a claim.

5  Dated:  September 13, 2011.

6

7                       EDMUND F. BRENNAN

                          UNITED STATES MAGISTRATE JUDGE