1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JON CHRIST,

11              Plaintiff,              No. CIV S-11-0525 GEB EFB P
          vs.

12
     B.A. WEIGLEN,

13                                      ORDER AND
             Defendant.                 FINDINGS AND RECOMMENDATIONS

14
     _____/

15

16        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended

18   complaint.  Dckt. No. 16.  Defendant Weiglen requests that the court screen the amended

19   complaint.  Dckt. No. 17.

20        Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25   relief." *Id.* § 1915A(b).

26   ////

1

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than

2  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3  of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5  statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6    Furthermore, a claim upon which the court can grant relief has facial plausibility.

7  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

8  content that allows the court to draw the reasonable inference that the defendant is liable for the

9  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

10  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

11  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

12  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13    A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

14  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

15  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

16  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

17  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18    The amended complaint alleges defendant Weiglen deprived plaintiff of his two medical

19  pillows following plaintiff's spinal surgery, causing plaintiff to experience pain and sleepless

20  nights.  For the limited purposes of § 1915A screening, the court finds that the complaint states a

21  cognizable Eighth Amendment deliberate indifference to medical needs claim against defendant

22  Weiglen.  For the reasons stated below, the complaint does not state any other cognizable claim

23  for relief, and plaintiff's remaining allegations should be dismissed without leave to amend.

24    In dismissing the original complaint with leave to amend pursuant to § 1915A, the court

25  informed plaintiff of the following:

26  ////

1    While inmates have a federal right to petition for redress of grievances and
2    to file suit without being subjected to retaliation, plaintiff's conclusory allegations
     do not support such a claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir.
3    2005). To prove retaliation, plaintiff must show that a state actor took some
     adverse action against him because of his protected conduct, and that such action
4    chilled the inmate's exercise of his First Amendment rights and did not
     reasonably advance a legitimate penological purpose. *See Rhodes*, 408 F.3d at
5    567-68 (9th Cir. 2005); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994)
     (per curiam). Plaintiff does not allege how defendant Wieglen's actions
6    constituted "adverse action" for purposes of a First Amendment retaliation claim.
     Nor does plaintiff allege sufficient factual matter to show that there was a causal
7    link between Weiglen's alleged actions and plaintiff's filing of inmate appeals,
     i.e., that plaintiff's inmate appeals were directed to Weiglen or that Weiglen
8    otherwise had knowledge of plaintiff's inmate appeals. Thus, to proceed plaintiff
     must file an amended complaint.

9    Dckt. No. 15 at 2-3.   In the amended complaint, plaintiff again attempts to state a retaliation

10   claim against Weiglen. But plaintiff does not allege sufficient facts to state a claim upon which

11   relief may be granted. Plaintiff alleges that Weiglen worked with other prison officials at

12   California State Prison, Solano, and that plaintiff believes these other prison officials were aware

13   of some of plaintiff's legal activities. Dckt. No. 16 at 10. Allegations that Weiglen worked with

14   prison officials who might have been aware of plaintiff's legal activities are insufficient to state a

15   plausible retaliation claim against Weiglen. Plaintiff has had an opportunity to amend and

16   appears unable to allege a cognizable retaliation claim. Therefore, this claim should be

17   dismissed without leave to amend. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)

18   ("[A] district court should grant leave to amend even if no request to amend the pleading was

19   made, unless it determines that the pleading could not be cured by the allegation of other facts.").

20       Plaintiff also refers to the prison officials, who are alleged to have worked with Weiglen,

21   as "defendants." *See* Dckt. No. 16 at 10. Despite plaintiff's labeling as such in the body of his

22   complaint, the court reads the complaint as naming Weiglen as the sole defendant, as none of

23   these other prison officials are identified in the complaint's caption as defendants, *see* Fed. R.

24   Civ. P. 10(a), and there are no factual allegations to suggest that any of these other prison

25   officials were involved in denying plaintiff's request for his medical pillows, or were otherwise

26   involved in violating plaintiff's federally protected rights. *See* Dckt. No. 15 (September 13,

1  2011 Screening Order) at 3 (informing plaintiff that an amended complaint must contain a

2  caption including the names of all parties and that unrelated claims against different defendants

3  must be pursued in multiple lawsuits).  Plaintiff also purports to name "Doe" defendants, but

4  provides no allegations against such Doe defendants.   Dckt. No. 16 at 3-4.

5       Finally, plaintiff claims that Weiglen's actions deprived him of due process.  Where a

6  prisoner alleges the deprivation of a liberty or property interest in violation of the Fourteenth

7  Amendment, caused by the unauthorized negligent or intentional action of a prison official, the

8  prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation

9  remedy.  *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  California provides such a

10  remedy for prisoners.  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam)

11  (citing California Government Code §§ 810-895).  Plaintiff's allegation of an unauthorized

12  deprivation of property thus fails to state a cognizable due process claim and should be

13  dismissed without leave to amend.

14       Accordingly, IT IS HEREBY ORDERED that:

15       1.  Defendant's request for screening of plaintiff's amended complaint, Dckt. No. 17, is

16  granted.

17       2.  The allegations in the pleading are sufficient at least to state a cognizable Eighth

18  Amendment claim against defendant Weiglen.  *See* 28 U.S.C. § 1915A.

19       Further, IT IS HEREBY RECOMMENDED that:

20       1.  This action proceed solely on plaintiff's Eighth Amendment claim against defendant

21  Weiglen, and that all remaining allegations be dismissed without leave to amend; and

22       2.  Defendant Weiglen be directed to file a response to the complaint as herein narrowed,

23  within 30 days.

24       These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

26  after being served with these findings and recommendations, plaintiff may file written objections

1   with the court and serve a copy on all parties.  Such a document should be captioned "Objections

2   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

3   objections within the specified time may waive the right to appeal the District Court's order.

4   *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5   Dated:  March 16, 2012.

6
7       EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26