IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

    Plaintiff,            No. 2:11-cv-0525 TLN EFB P

    vs.

B.A. WEIGLEN,

    Defendant.          FINDINGS AND RECOMMENDATIONS

                                   /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that defendant Weiglen violated his Eighth Amendment rights on August 12, 2010, when Weiglen deprived plaintiff of two pillows following spinal surgery. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), on the ground that plaintiff failed to exhaust administrative remedies prior to filing suit.[1]  *See* Dckt. No. 26. For the following reasons, defendant's motion must be granted.[2]

---

[1] Defendant's motion included a notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. Sept. 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

[2] After plaintiff opposed the motion and defendant filed a reply, plaintiff filed an "Opposition to Defendants Reply." Dckt. No. 33. Because such a filing is neither authorized by the Federal Rules of Civil Procedure nor the court's Local Rules, it is disregarded.

1

## I. Background

Plaintiff commenced this lawsuit in the Superior Court of California, Santa Clara County, on December 3, 2010. Dckt. No. 1, Exs. A & B (endorsed summons, civil case cover sheet, and complaint). On January 28, 2011, defendant Weiglen removed the state-court action to the United States District Court for the Northern District of California because plaintiff's complaint asserted a violation of federal law. Dckt. No. 1 (Notice of Removal). On February 17, 2011, the Northern District Court determined that venue was proper in this district, and transferred the action to this court. Dckt. No. 5 (Order of Transfer).

This court then screened the original complaint for purposes of 28 U.S.C. § 1915A. Dckt. No. 15. The court found that plaintiff had not alleged sufficient facts to demonstrate that defendant Weiglen's alleged denial of two medically approved pillows stated a cognizable claim. *Id.* Therefore, the court dismissed the complaint with leave to amend. *Id.* Thereafter, plaintiff filed an amended complaint, alleging that Weiglen had deprived him the pillows following spinal surgery, causing plaintiff to experience pain and sleepless nights. Dckt. No. 16. The court screened the amended complaint and determined that, liberally construed, it stated an Eighth Amendment deliberate indifference to medical needs claim against Weiglen. Dckt. No. 18.

Defendant argues that this action must be dismissed for failure to exhaust.

## II. Analysis

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail

required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are normally brought under Rule 12(b) of the Federal Rules of Civil Procedure. *See Albino v. Baca*, 697 F.3d. 1023, 1029 (9th Cir. 2012). Nonetheless, it remains well established that credibility of witnesses over material factual disputes cannot be resolved on paper. Thus, when ruling on an exhaustion motion requires the court to look beyond the pleadings in the context of disputed issues of fact, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Doing so ensures that a process is

followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits. Therefore, following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint. *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Failure to exhaust is an affirmative defense in the sense that defendants bear the burden of proving plaintiff did not exhaust available remedies. *Wyatt*, 315 F.3d at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

Plaintiff filed the instant action on December 3, 2010. *See* Dckt. No. 1, Exs. A & B. Accordingly, the court must determine whether plaintiff exhausted his administrative remedies regarding his claim against Weiglen prior to that date, and if not, whether plaintiff may be excused from the pre-filing exhaustion requirement. *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).

Defendant's motion relies upon the allegations and exhibits attached to plaintiff's amended complaint. The complaint shows that on August 15, 2010, plaintiff submitted an administrative grievance (log number SOL-10-01091) regarding the claim plaintiff now asserts

against Weiglen in this action. Dckt. No. 16 at 20. The grievance was partially granted at the second level of review on November 1, 2010. *Id.* at 18-19. Dissatisfied, plaintiff submitted the grievance to the Director's level for review on or around November 16, 2012. *Id.* at 23. The reviewer denied the grievance at the Director's level on December 23, 2010, *id.* at 16-17, twenty days after plaintiff commenced this action in state court. Thus, defendants have shown that plaintiff filed this action prematurely, before his grievance addressing the incident giving rise to this lawsuit was resolved. Defendant has therefore met his initial burden of showing that plaintiff failed to properly exhaust his administrative remedies prior to commencing this lawsuit. *See Albino*, 697 F.3d at 1031 (noting that the defendant's burden of establishing an inmate's failure to exhaust is "very low").

      Plaintiff does not dispute that he failed to complete the grievance process prior to filing his complaint in state court. Nevertheless, he contends that he properly exhausted because he received the Director's level decision before this action was removed to federal court. Dckt. No. 30 at 1-3. As plaintiff is aware, however, he must exhaust prior to filing suit, whether in state court or federal court. *See Christ v. Swarthout*, No. 2:11-cv-0520 DAD P, 2012 U.S. Dist. LEXIS 160585, at *6 (E.D. Cal. Nov. 6, 2012) (dismissing plaintiff's complaint for failure to exhaust administrative remedies where plaintiff received final level response to appeal after commencing state court action and before case was removed to federal court); *Christ v. McCraw*, No. 2:11-cv-1156 GEB JFM, 2011 U.S. Dist. LEXIS 128619, at *5 (E.D. Cal. Nov. 7, 2011) (finding grievance inadequate to exhaust administrative remedies because it was not resolved until after plaintiff filed his complaint in state court); *see also Wright v. State of Calif.*, 122 Cal.App.4th 659, 664-665 (2004) ("Under both state and federal law, a prisoner must exhaust available administrative remedies before seeking judicial relief."). Thus, the timing of the removal changes nothing. Because plaintiff failed to complete the administrative grievance process before filing his complaint in state court, this action must be dismissed. *See McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making

5

exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit."*); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (prisoner brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court); *see also Johnson v. Hedgpeth*, No. C 04-1939 SPA, 2007 U.S. Dist. LEXIS 76528, at *11-12 (N.D. Cal. Sept. 28, 2007) (dismissing action for failure to exhaust before filing suit in state court, citing *McKinney* and *Vaden*); *Blacknell v. Cal. Med. Facility*, No. Civ. S-0600833 FCD GGH, 2007 U.S. Dist. LEXIS 11594, at *17 (E.D. Cal. Feb. 20, 2007) (plaintiff must exhaust administrative remedies before bringing action in state or federal court).

      Plaintiff also argues that he satisfied the administrative exhaustion requirement because the Director's level decision was issued before he filed his October 3, 2011 amended complaint. Dckt. No. 30 at 3; *see also* Dckt. No. 16 (Am. Compl.) at 4-6 (alleging that Weiglen withheld plaintiff's pillows on August 12, 2010). This argument lacks merit. Plaintiff's amended complaint did not raise a new and cognizable claim regarding conduct that occurred after the initial complaint was filed. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (clarifying that rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed). "[A]llowing a prisoner to file unexhausted claims, then exhaust, then file an amended complaint regarding the same, old claims contained in the original complaint would create an end-run around the rule of *McKinney* and *Vaden* 'that a prisoner must exhaust his administrative remedies for the claim contained within his complaint before the complaint is tendered to the . . . court.'" *Jones v. Felker*, No. CIV S-08-0096, 2011 U.S. Dist. LEXIS 13730, at *14 (E.D. Cal. Feb. 11, 2011) (citing *Rhodes*, 621 F.3d at 1004–1005). Plaintiff's repetition in the amended complaint of a claim that was not exhausted when he filed his original complaint, does not convert that unexhausted claim into a properly exhausted claim, even if it was subsequently

////

////

addressed at the Director's level of review. *See McKinney*, 311 F.3d at 1199-1201 and *Rhodes*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted *prior* to the filing of the original or supplemental complaint).

Because plaintiff failed to comply with the proper exhaustion procedure, and does not show that his failure in this regard should be excused, this action must be dismissed without prejudice.

### III. Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss for failure to exhaust administrative remedies (Dckt. No. 26) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 29, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7